UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| William Rogers,<br><br>*Plaintiff*,<br><br>v.<br><br>Deri Protocol, Edgar Chen, and John Doe Defendants who are the owners of USDT cryptocurrency held at deposit address 0x3b76a3699b563ad1af98ad581714c72315c83607,<br><br>*Defendants*. | Case No. 1:25-cv-00154<br><br>**Complaint** |

Plaintiff William Rogers hereby sues Deri Protocol, Edgar Chen, and John Doe Defendants who are the owners of USDT cryptocurrency held at deposit address 0x3b76a3699b563ad1af98ad581714c72315c83607 (collectively, the "Defendants"). In support, he alleges as follows.

**I.     Preliminary Statement**

1.     Our country is in the midst of a crypto-fraud crisis. Foreign criminal organizations have stolen billions of dollars from hardworking Americans in what are known as "pig-butchering scams"—and are continuing to do so even as we speak.

2.     Pig-butchering scams vary in their particulars, but in outline they are all the same. The scammers begin by initiating contact with and

building trust with the victim, using diabolical psychological techniques to lower their target's defenses. They then convince the victim to "invest" using a realistic-looking online cryptocurrency-trading platform. The victim deposits money and, over time, profits appear to grow. But when the victim tries to withdraw, problems emerge. The scammers demand more money in 'taxes' or 'fees' to 'unlock' the victim's account. Desperate for their money back, victims often comply. When it finally becomes clear that the whole enterprise is a sham, it is too late. The scammers disappear with victim's money, and cut off contact.

3. Tens of thousands of hardworking Americans have lost their life savings to these scams. Recent literature indicates that pig-butchering organizations have stolen more than $75 billion from victims worldwide since 2020. The FBI reports that Americans lost more than $5 billion to pig-butchering scams in 2023 alone.

4. This is an action by a victim of one such scam, William Rogers. The Defendants tricked Mr. Rogers into investing on a platform that turned out to be a scam, and in so doing stole $1,104,148.21 of his savings. Mr. Rogers has now been "slaughtered," in the scammers' parlance, and his money spirited away to foreign bank accounts and crypto wallets.

5. This action and coordination with law enforcement are Mr. Rogers's only hopes for recovery. In this suit, he seeks the return of the assets stolen from him and additional damages and equitable relief described below.

**II.     Parties**

6. Plaintiff William Rogers is an individual. Mr. Rogers is a resident of Woodbury, Minnesota.

7. Deri Protocol is a fraudulent cryptocurrency-investment platform. Its headquarters and situs of organization (if any), are presently unknown.

8. Edgar Chen is an individual of unknown citizenship whose present whereabouts are unknown.

9. John Doe Defendants who are the owners of USDT cryptocurrency held at deposit address 0x3b76a3699b563ad1af98ad581714c72315c83607 are as-yet unidentified individuals, business entities, and/or unincorporated associations. These persons are Deri Protocol's and Chen's co-conspirators.

**III.    Jurisdiction & Venue**

10. This is an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Accordingly, this Court has federal-question jurisdiction.

11. Each of the Defendants are subject to the personal jurisdiction of this Court because they direct business activities towards and conduct business with consumers throughout the United States, including within the State of Texas and this district through at least one fraudulent website and mobile application accessible from Texas. Alternatively, the Defendants are subject to personal jurisdiction in this district because (i) they are not subject

to jurisdiction in any state's court of general jurisdiction and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(3), which provides that a foreign defendant may be sued in any judicial district.

**IV. Allegations**

    **A. The Pig-Butchering Scheme**

13. In November 2023, Edgar Chen matched with Mr. Rogers's sister-in-law, Kimberly Williams, via a dating app. The two struck up a connection and began messaging regularly.

14. Chen eventually told Ms. Williams about his success investing and trading cryptocurrencies. Ms. Williams introduced Chen to Mr. Rogers in the hopes that they both could make money by following Chen's advice. Chen and Mr. Rogers began chatting on Telegram, where Chen introduced him to a platform called Deri Protocol. Chen encouraged Mr. Rogers to make a Deri Protocol account, which he soon did.

15. Over the next several months, Chen 'trained' Mr. Rogers in cryptocurrency trading using the Deri Protocol platform. When Mr. Rogers was ready to make a deposit on Deri Protocol, the platform provided him asset-transfer instructions via the platform's customer-service chat or on its "deposit" page. Mr. Rogers completed the transactions as instructed. Each time, the amount of the funds he 'deposited' would then be reflected in his transaction history and account balance on the Deri Protocol platform. Over

time, he sent assets to Deri Protocol with a dollar-denomiated value of $1,104,128. A ledger of Mr. Rogers's transfers to Defendants is set out as Attachment 1 to this Complaint.

16. Mr. Rogers's balance on the Deri Protocol platform appeared to grow rapidly—eventually showing that he had crypto assets worth more than $3 million in his account. But when he attempted to withdraw his funds, Deri Protocol informed him that him that he could not do so. Mr. Rogers soon realized that he had been scammed.

17. The Deri Protocol platform was never a "trading platform" of any sort. It was a simulacrum of a trading platform where no actual trading or investment ever occurred. The account balances, the purported profits, and the transaction history displayed were real only in the sense that they reflected the monies Mr. Rogers sent to the Defendants. And this was simply to ensure that the platform appeared to be functioning. The assets Mr. Rogers transferred to the Defendants were never 'deposited' on Deri Protocol. They were never used for cryptocurrency trading. They were simply stolen.

18. Mr. Rogers was not the only victim of the Deri Protocol scam. At least dozens of other persons were scammed by the Defendants in a period extending over one year.

    **B.**  **Plaintiff's Forensic Tracing of Stolen Cryptocurrency**

19. A cryptocurrency is a digital asset that is created, distributed, and transferred between participants on a blockchain. A blockchain is a

distributed and immutable ledger that facilitates the process of recording transactions and tracking assets. Each transaction on a blockchain generates a string of characters, called the transaction hash, that is uniquely attributable to that specific transaction. These transactions and their hashes are available for inspection by any member of the public with an internet connection.

20. These unique characteristics of the blockchain facilitate investigations. Using specialized software and other investigative techniques, qualified blochain analysts can trace the flow of stolen assets from blockchain address to blockchain address, and thereby determine to where those assets were transferred.

21. Plaintiff has retained a forensic cryptocurrency tracing expert who traced Plaintiff's stolen assets on the blockchain. The tracing expert concluded that Defendants moved Plaintiff's assets through the blockchain, eventually depositing a portion of those assets at a USDT deposit address possessed and controlled by Defendants. This is address 0x3b76a3699b563ad1af98ad581714c72315c83607. Mr. Rogers brings his claims in this case against the owners of this address in addition to the aforementioned Defendants, as more fully specified below.

V.  **Causes of Action**

22. Mr. Rogers brings the following causes of action against the Defendants. The allegations set out above are incorporated into each of the causes of action that follow as if fully restated therein.

## Count One
### Racketeering in Violation of 18 U.S.C. § 1964(c)
### Against All Defendants

23. Deri Protocol, Edgar Chen, and John Doe Defendants who are the owners of USDT cryptocurrency held at deposit address 0x3b76a3699b563ad1af98ad581714c72315c83607 (collectively, the "Defendants") constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), in that they are a group of individuals and legal entities associated in fact. Their enterprise is referred to herein as the "Pig Butchering Enterprise."

24. The Pig Butchering Enterprise engaged in numerous acts of wire fraud in violation of 18 U.S.C. § 1343, as described above. They did so using their online platform and digital communications with Mr. Rogers and others. Mr. Rogers relied on the Defendants' fraudulent statements to his detriment.

25. The Defendants shared the common purpose of defrauding and stealing from Mr. Rogers and other victims and thereby converting and exercising dominion over their assets.

26. The Defendants are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c). Each of them individually conducted, participated in, engaged in, and operated and managed the affairs of the Pig Butchering Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c). Said pattern of

racketeering activity consisted of, but was not limited to, the acts of wire fraud described above.

27. All the acts of racketeering activity described above were related so as to establish a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c). The Defendants' common purpose was to defraud Mr. Rogers and other victims and convert and exercise dominion and control over those victims' assets. Each Defendant, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission.

28. The Pig Butchering Enterprise was of sufficient longevity for its members to carry out their purposes on a large scale. All of the acts of racketeering described above, were continuous so as to form a pattern of racketeering activity in that the Defendants have engaged in the predicate acts for a substantial period of time exceeding one year. The Pig Butchering Enterprise successfully defrauded at least dozens of persons and converted millions of dollars worth of its victims' assets, including Mr. Rogers's. To the extent the Pig Butchering Enterprise's activities have ceased or cease while this litigation is pending, these acts posed threat of indefinite duration at the time they were committed and will have stopped only because they were fortuitously interrupted by events beyond the Defendants' control.

29. As a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962(c), Mr. Rogers was injured in his business and property within the

meaning of 18 U.S.C. § 1964(c). The Defendants stole Mr. Rogers's savings and thereby caused him to suffer deprivations and extreme mental and emotional distress. he is, therefore, entitled to recover threefold the damages sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

### Count II
### Conversion
### Against All Defendants

30. As more fully alleged above, the Defendants misappropriated Mr. Rogers's assets.

31. The Defendants converted Mr. Rogers's assets to their own use or the use of others not entitled to them. They have exercised dominion and control over those assets to Mr. Rogers's exclusion and detriment.

32. Mr. Rogers has suffered damages as a direct and proximate result of Defendants' conversion.

### Count III
### Fraud
### Against All Defendants

33. To prevail on a fraud claim, a plaintiff must show that the defendant made (1) a false representation, (2) of a matter of material fact, (3) with knowledge of its falsity, (4) for the purpose of inducing action thereon, and (5) that the plaintiff relied upon the representation as true and acted upon it to his or her damage.

34. As alleged above, the Defendants made numerous false representations to Mr. Rogers, including that theirs was a legitimate trading platform through which Mr. Rogers might make a return on his assets. They did so with knowledge of the falsity of these statements and with actual intent to induce Mr. Rogers to rely on their statements to his detriment, which he did.

## VI. Jury Demand

35. Plaintiff demands a trial by jury on all claims so triable.

## VII. Relief Sought

36. Mr. Rogers requests that judgment be entered against each of the Defendants on each of the causes of action set out above. He seeks relief as follows:

   a. Imposition of a constructive trust over his stolen assets and return of those assets to his possession;
   b. Monetary damages;
   c. Statutory trebled damages pursuant to 18 U.S.C. § 1964(c);
   d. Punitive damages;
   e. Costs, including reasonable attorneys' fees under 18 U.S.C. § 1964(c);
   f. Pre- and post-judgment interest;
   g. Injunctive and equitable relief insofar as required to preserve assets for recovery, halt the Defendants' unlawful

       acts, and otherwise enable the exercise of the Court's powers and effecutate its orders;

h. Other relief as the Court deems just and proper.

- 12 -

Dated: March 28, 2025                          Respectfully submitted,

                                               THE HODA LAW FIRM, PLLC

                                               Marshal J. Hoda, Esq.
                                               Tx. Bar No. 2411009
                                               12333 Sowden Road, Suite B
                                               PMB 51811
                                               Houston, TX 77080
                                               o. (832) 848-0036
                                               marshal@thehodalawfirm.com

                                               *Attorney for Plaintiff*

## Attachment 1 – Plaintiff's Cryptocurrency Transfers to Defendants

| Date | Currency | Crypto Amt | USD Amt | Transaction Hash |
|---|---|---|---|---|
| 3/19/2024 | ETH | 30.597596 | $86,372.99 | 0xecfeae0a6504d4cae3c8ff77fa8d00f2c8dd102a2766c9a0cc2f4e952946142e |
| 3/20/2024 | ETH | 30.605003 | $82,985.78 | 0xad2b4b0ce1197c4cb79885ea7cb6f8fc9fb942d00c9c18aa0b6cf95cb5c424d9 |
| 3/23/2024 | ETH | 27.389741 | $74,238.16 | 0x159cad3d37e389f91e967ddf8cc056e2dedf349d61ecb952061962f5f8d719ae |
| 3/29/2024 | ETH | 57.558041 | $155,502.60 | 0x73d74d37c1866c27aebe4d151b21c0482f2d7ca2f10a1aa6ebd2d22e46eb92ac |
| 4/1/2024 | ETH | 57.558607 | $156,122.27 | 0x0afa5c19e04467355c1f08ff6007b2c62243a46b89c79463132ffdcb4905ea52 |
| 4/9/2024 | ETH | 85.135595 | $231,355.11 | 0x39f32754585ee90ebada0a830d889d4a841c1014bdf4ac82390d11a7704c86a9 |
| 4/9/2024 | ETH | 85.136121 | $231,120.96 | 0x74b1df2232ba15e67e9cbcb087fbcc38aa0464a9612920a49524a87a455be0ae |
| 4/9/2024 | ETH | 0.267802 | $726.78 | 0x2ffb72144179c7d3490510ae464d2a58f100618f973e31dae3498670c543e245 |